ORIGINAL

# In the United States Court of Federal Claims

Consl. Nos. 15-1139C, 15-1140C
Filed: July 14, 2016

**FILED**

JUL 1 4 2016

U.S. COURT OF
FEDERAL CLAIMS

```
*******************************************
                                          *
MICHAEL HADDAD,                           *
                                          *
          Plaintiff, pro se,              *
                                          *
v.                                        *
                                          *   Patent Infringement;
THE UNITED STATES,                        *   Rule 12(b)(1) of the Rules of the United
                                          *      States Court of Federal Claims
          Defendant,                      *      (Subject Matter Jurisdiction).
                                          *
and                                       *
                                          *
BAE SYSTEMS INFORMATION                   *
SOLUTIONS, INC., TRANS DIGITAL            *
TECHNOLOGIES LLC and MORPHOTRUST *
USA, LLC, and NCR GOVERNMENT              *
SYSTEMS, LLC,                             *
                                          *
          Third-Party Defendants.         *
                                          *
*******************************************
```

**Michael Haddad**, Gaithersburg, Maryland, *pro se*.

**David A. Foley, Jr.**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

**Scott A. Felder**, Wiley Rein, LLP, Washington, D.C., Counsel for Third-Party Defendant, BAE Systems Information Solutions, Inc.

**Richard L. Brophy**, Armstrong Teasdale, LLP, St. Louis, Missouri, Counsel for Third-Party Defendants, Trans Digital Technologies, LLC and MorphoTrust USA, LLC.

**Christina E. Fahmy**, Kilpatrick Townsend & Stockton, LLP, Washington, D.C., Counsel for Third-Party Defendant, NCR Government Systems, LLC.

**MEMORANDUM OPINION AND ORDER DENYING THE GOVERNMENT'S
MOTION TO DISMISS AND ORDERING PLAINTIFF TO SHOW CAUSE WHY THE
COURT SHOULD NOT DISMISS THE OCTOBER 6, 2015 COMPLAINTS**

BRADEN, *Judge.*

## I.  RELEVANT FACTUAL BACKGROUND.[1]

On August 27, 2007, Mr. Michael Haddad filed a patent application for an "Airport Vehicular Gate Entry Access System" at the United States Patent and Trademark Office ("USPTO"). 1139 Compl. ¶ 9; 1139 Compl. Ex. 2; *see also* 1140 Compl. ¶ 9; 1140 Compl. Ex. 2. The patent application was granted on December 29, 2009 and assigned United States Patent No. 7,639,844 ("'844"). 1139 Compl. ¶ 10; 1140 Compl. ¶ 10. Mr. Haddad was the only inventor listed on the '844 patent. 1139 Compl. Ex. 2; 1140 Compl. Ex. 2.

In June 2009, the Transportation Security Administration ("TSA") issued a Solicitation for a Credential Authentication Technology-Boarding Pass Scanning System ("CAT/BPSS"). 1139 Compl. ¶ 13; 1140 Compl. ¶ 13. Mr. Haddad's company, Astornet Technologies, Inc. ("Astornet"), submitted a proposal in response, and was selected for the initial testing stage and advanced to the next stage of the process. 1139 Compl. ¶ 13; 1140 Compl. ¶ 13.

On September 30, 2011, BAE System Information Solutions, Inc. ("BAE"), NCR Government Systems, LLC ("NCR"), and Trans Digital Technologies, Inc. were awarded Indefinite Delivery Indefinite Quality ("IDIQ") contracts HSTS04-11-D-CT2111, HSTS04-11-D-CT2113, and HSTS04-11-D-CT2114; each was awarded a $79 million contract. 1139 Compl. ¶ 15; 1140 Compl. ¶ 15.

In 2013, because the IDIQ contracts were scheduled to expire on September 30, 2014, TSA issued a new solicitation seeking proposals for a slightly revised CAT/BPSS system that were due on January 21, 2014. 1139 Compl. ¶ 17; 1140 Compl. ¶ 17. Mr. Haddad, through Science, Engineering, and Technologies International Corporation ("SENTSIC"), submitted a proposal for TSA's new solicitation. 1139 Compl. ¶ 17; 1140 Compl. ¶ 17. SENTSIC was not awarded the contract. 1139 Compl. ¶ 18–19; 1140 Compl. ¶ 18–19.

---

[1] The relevant facts herein were derived from: Mr. Michael Haddad's October 6, 2015 Complaints in *Haddad v. United States*, No. 15-1139C ("1139 Compl.") and attached Exhibits ("1139 Compl. Exs. 1–7"), and *Haddad v. United States*, No. 15-1140C ("1140 Compl.") and attached Exhibits ("1140 Compl. Exs. 1–7"); and the Government's April 27, 2016 Motion To Dismiss ("Gov't Mot."). *See Moyer v. United States*, 190 F.3d 1314, 1318 (Fed. Cir. 1999) ("Fact-finding is proper when considering a motion to dismiss where the jurisdictional facts in the complaint . . . are challenged.").

On January 27, 2014, Astornet filed a lawsuit for infringement of the '844 patent against BAE, NCR, and MorphoTrust USA, LLC[2] in the United States District Court for the District of Maryland ("Maryland District Court"), without joining Mr. Haddad. Gov't Mot. at 2 (citing Complaint, *Astornet Techs., Inc. v. BAE Sys., Inc.*, No. 8:14-245 (D. Md. Jan. 27, 2014), ECF No. 1). The January 27, 2014 Complaint alleged that Astornet was "the sole exclusive licensee of, and own[ed] all right[s], title[s], and interest[s] to litigate [in matters concerning] U.S. Pat. No. 7,639,844[.]" Gov't Mot. at 2 (quoting Complaint, *Astornet Techs., Inc. v. BAE Sys., Inc.*, No. 8:14-245 (D. Md. Jan. 27, 2014), ECF No. 1).

## II.   PROCEDURAL HISTORY.

On October 6, 2015, Mr. Michael Haddad ("Plaintiff") filed two Complaints For Patent Infringement ("1139 Compl." and "1140 Compl.") in the United States Court of Federal Claims, alleging that TSA infringed the '844 patent.   On that same day, one case was assigned to the Honorable Judge Nancy Firestone, and one to the Honorable Judge Marian Blank Horn for Alternate Dispute Resolution proceedings. On October 14, 2015, both cases were reassigned to the undersigned judge.

On November 16, 2015, the Government filed an Unopposed Motion For Notices To Third Parties ("Third-Party Notices") to BAE, NCR, and MorphoTrust, pursuant to Rule 14(b) of the Rules of the United States Court of Federal Claims ("RCFC").

On January 15, 2016, Third-Party Defendant BAE filed an Answer and a RCFC 7.1 Disclosure.   On that same day, the Government filed a Motion To Consolidate With Related Action, requesting that the court consolidate *Haddad v. United States*, No. 15-1139C and *Haddad v. United States*, No. 15-1140C. On January 21, 2016, Third-Party Defendant NCR filed an Answer and a RCFC 7.1 Disclosure. On January 22, 2016, Third-Party Defendant MorphoTrust filed an Answer and a RCFC 7.1 Disclosure.

On February 5, 2016, Mr. Haddad filed an Opposition To Motion To Consolidate, claiming the Government's January 15, 2016 Motion To Consolidate was an effort to save on expenses in both cases. On that same day, Mr. Haddad filed a Brief In Reply To BAE Answer.[3]  On February 8, 2016, the Government filed Answers in *Haddad v. United States*, No. 15-1139C and *Haddad v. United States*, No. 15-1140C. On February 9, 2016, the Government filed a Reply In Support Of Its Motion To Consolidate With Related Action.   On that same day, the court granted the Government's January 15, 2016 Motion To Consolidate.

---

[2] Through a series of transactions, Trans Digital Technologies, Inc. and MorphoTrust USA, Inc. are now associated and referred to, hereinafter, as MorphoTrust.  Third-Party Notices, ECF No. 8, at 1 n.1.

[3] Although Mr. Haddad titles his February 5, 2016 filing as a "Brief In Reply To BAE Motion," the court construes this document to be a Reply to BAE's January 15, 2016 Answer.

On February 17, 2016, Mr. Haddad filed a Reply To NCR's January 21, 2016 Answer and a Reply To MorphoTrust's January 22, 2016 Answer.[4] On March 4, 2016, MorphoTrust filed a Response To Plaintiff's February 17, 2016 Reply, arguing that the October 6, 2015 Complaints do not provide a basis for disallowing MorphoTrust's January 22, 2016 Answer. On April 12, 2016, the court convened a telephone status conference at which the Government was ordered to file a Motion To Dismiss by April 27, 2016.

On April 27, 2016, the Government filed a Motion To Dismiss For Lack Of Jurisdiction ("Gov't Mot."), arguing that Mr. Haddad does not have standing in light of the prior transfer of all substantial rights in the '844 patent to Astornet. On May 12, 2016, Mr. Haddad filed an Opposition To Motion To Dismiss ("Pl. Resp."), arguing that the Government's April 27, 2016 Motion To Dismiss contradicts the free economy upon which the United States is based, *i.e.*, the owner of an asset is free and clear to enter into business transactions and exit those transaction at will. On May 19, 2016, the Government filed a Reply In Support Of Motion To Dismiss For Lack Of Jurisdiction ("Gov't Reply"), arguing that Mr. Haddad's attempts to avoid the results of a contract that transferred all his substantial rights in the '844 patent to Astornet are "ineffective."

## III.   DISCUSSION.

### A.   Jurisdiction.

The United States Court of Federal Claims has jurisdiction to adjudicate claims that allege "an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, . . . [seeking] recovery of . . . reasonable and entire compensation for such use and manufacture." 28 U.S.C. § 1498(a).

As a threshold matter, the court must consider jurisdiction before reaching the substantive merits of a case. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."). When considering a motion to dismiss for lack of subject-matter jurisdiction, the court must take the facts alleged in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). The court may consider evidence beyond the pleadings, however, when the motion to dismiss challenges the jurisdictional facts alleged in the complaint. *See Moyer*, 190 F.3d at 1318. If the court determines that it does not have subject-matter jurisdiction, the court must dismiss the complaint. *See* RCFC 12(h)(3).

### B.   Standing.

Federal trial courts have been advised to "decide standing questions at the outset of a case. That order of decision (first jurisdiction then the merits) helps better to restrict the use of the federal courts to those adversarial disputes that Article III defines as the federal judiciary's business." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 111 (1998) (Breyer, J., concurring). The party

---

[4] Although Mr. Haddad titled his February 17, 2016 filings as Replies to the third-party defendants' "Motions," the court will construe them to be Replies to the January 21, 2016 and January 22, 2016 third-party defendants' Answers.

invoking federal jurisdiction has the burden of proof to satisfy the constitutional requirements of Article III standing. *See FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990) (holding that the burden is on the party seeking to exercise jurisdiction to clearly allege facts sufficient to establish jurisdiction).

"A patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281; *see also* 35 U.S.C. § 100(d) ("The word 'patentee' includes not only the patentee to whom the patent was issued but also the successors in title to the patentee."); *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1308 (Fed. Cir. 2003) ("[T]his court has determined that in order to assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent *at the inception of the lawsuit*.") (emphasis in original). The standard set forth by the United States Supreme Court over a century ago in *Waterman v. MacKenzie*, 138 U.S. 252 (1891) still governs:

> There can be no doubt that he is "the party interested, either as patentee, assignee, or grantee," and as such entitled to maintain an action at law to recover damages for an infringement; and it cannot have been the intention of [C]ongress that a suit in equity against an infringer to obtain an injunction and an account of profits, in which the court is authorized to award damages, when necessary to fully compensate the plaintiff, and has the same power to treble the damages as in an action at law, should not be brought by the same person.

*Id.* at 260–61 (internal citations omitted).

The October 6, 2015 Complaints acknowledge that all "right[s], title[s], and interest[s] to litigate [in matters concerning] U.S. Pat. No. 7,639,844" were given to sole exclusive licensee Astornet. Gov't Mot. at 2 (quoting Complaint, *Astornet Techs., Inc. v. BAE Sys., Inc.*, No. 8:14-245 (D. Md. Jan. 27, 2014), ECF No. 1). These Complaints do not allege that Mr. Haddad had any substantial rights to the '844 patent at the time of filing this lawsuit. Therefore, Mr. Haddad does not have standing.

## C. Whether The Court Has Jurisdiction To Adjudicate The Claims Alleged In The October 6, 2015 Complaints.

### 1. The Government's Argument.

The Government argues that Mr. Haddad does not have standing to sue for the '844 patent, because Mr. Haddad transferred all substantial rights in the '844 patent to sole exclusive licensee Astornet. Gov't Mot. at 3. Where sufficient rights were transferred to an exclusive licensee to create standing for licensee to sue on its own, the licensee may sue, but the licensor may not. Gov't Mot. at 3–4 (citing *Alfred E. Mann Found. For Sci. Research v. Cochlear Corp.*, 604 F.3d 1354, 1359–60 (Fed. Cir. 2010). Mr. Haddad acknowledged in an earlier patent infringement action that Astornet was "the sole exclusive licensee of, and own[ed] all right[s], title[s], and interest[s] to litigate [in matters concerning] U.S. Pat. No. 7,639,844[.]" Gov't Mot. at 2 (quoting Complaint, *Astornet Techs., Inc. v. BAE Sys., Inc.*, No. 8:14-245 (D. Md. Jan. 27, 2014), ECF No. 1). In addition, in the prior patent infringement action, Astornet sued BAE, NCR, and MorphoTrust for

the infringement of the '844 patent, without joining Mr. Haddad, suggesting that Astornet was the owner of all the substantial rights in the '844 patent, not Mr. Haddad. Gov't Mot. at 2–3.

### 2. Plaintiff's Response.

Mr. Haddad responds that as the owner of the '844 patent, he is free to enter and exit business transactions involving the '844 patent as he sees fit. Pl. Resp. at 2. Likewise, as the sole owner of the '844 patent, Mr. Haddad has the right to "allow and disallow any action" related to the '844 patent. Pl. Resp. at 3. This is evidenced by Mr. Haddad's signed statement allowing Astornet to pursue legal action. Pl. Resp. at 3–4. In addition, Astornet is no longer in business, rendering Astornet's rights to the '844 patent canceled by default. Pl. Resp. at 2. Moreover, there are no entries in the assignment record of the '844 patent certificate granted by the USPTO. Pl. Resp. at 2. Therefore, Mr. Haddad has standing to bring this patent infringement lawsuit against the Government.

### 3. The Government's Reply.

The Government replies that Mr. Haddad failed to overcome the defects raised in the April 27, 2016 Motion To Dismiss. For Mr. Haddad to have standing as an exclusive licensee to pursue a patent infringement lawsuit, Mr. Haddad would need to establish all substantive rights in the '844 patent. Gov't Reply at 2.

In addition, it is impossible to determine the effect of the contract that allegedly transferred to Astornet all the substantial rights to the '844 patent, because Mr. Haddad has not provided the Government with a copy of that contract. Gov't Reply at 2. Moreover, Astornet's February 1, 2016 dissolution and April 28, 2016 letter terminating its ability to pursue legal actions in the '844 patent, do not cure Mr. Haddad's standing problem, because these events took place after Mr. Haddad filed the October 6, 2015 Complaints in this court. Gov't Reply at 2–3; *see Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) ("[J]urisdictional defect cannot be cured by the addition of a party with standing, nor by subsequent purchases of an interest in the patent[.]").

### 4. The Court's Resolution.

In the January 27, 2014 lawsuit filed in the Maryland District Court, Astornet alleged that it was "the sole exclusive licensee of, and own[ed] all right[s], title[s], and interest[s] to litigate [in matters concerning] U.S. Pat. No. 7,639,844[.]" Gov't Mot. at 2 (quoting Complaint, *Astornet Techs., Inc. v. BAE Sys., Inc.*, No. 8:14-245 (D. Md. Jan. 27, 2014), ECF No. 1). Since Astornet was allegedly the sole exclusive licensee of, and owned all rights, titles, and interests to litigate the '844 patent, Mr. Haddad relinquished his right to sue. *See Enzo APA & Sons, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998) (holding that a virtual assignment exists "where all substantial rights under the patent have been transferred in the form of an exclusive license"); *see also Alfred E. Mann Found. For Sci. Research*, 604 F.3d at 1359–61 ("[W]here an exclusive license transfers less than 'all substantial rights' in the patents to the exclusive licensee, the exclusive licensee may still be permitted to bring lawsuit against infringers, but the patent owner is an indispensable party who must be joined. . . . When a sufficiently large portion of [patent] rights [are] held by one individual, . . . that individual is permitted to sue for infringement in his

own name. . . . [T]he nature and scope of the licensor's retained right to sue accused infringers is the most important factor in determining whether an exclusive license transfers sufficient rights to render the licensee the owner of the patent.").

Assuming Mr. Haddad made a valid assignment of the '844 patent to Astornet, Mr. Haddad does not have standing to sue for the '844 patent without proof of a subsequent transfer of substantial rights back to Mr. Haddad. *See Alfred E. Mann Found. For Sci. Research*, 604 F.3d at 1360 (If the "license agreement transferred sufficient rights to the exclusive licensee to make the licensee the owner of the patents in question . . . the licensee may sue but the licensor may not.").

Astornet's alleged dissolution on February 1, 2016, and Astornet's letter, dated April 28, 2016, that allegedly terminated for cause Astornet's ability to pursue legal action in the '844 patent, do not cure the problem of standing, because these events took place subsequent to the October 6, 2015 Complaints. *See Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 734 n.2 (Fed. Cir. 1988) ("The presence or absence of jurisdiction must be determined on the facts existing at the time the complaint under consideration was filed.").

## IV.    CONCLUSION.

For the reasons discussed herein, the Government's April 27, 2016 Motion To Dismiss is denied.  Mr. Haddad is ordered, within forty-five days of this Memorandum Opinion And Order, to show cause why this case should not be dismissed, unless he can provide a legal document to establish that substantial rights to the patent reverted back to him, either by agreement with Astornet or otherwise under relevant State law—by the time the October 6, 2015 Complaints were filed.

**IT IS SO ORDERED.**

_____
**SUSAN G. BRADEN**
**Judge**