**ORIGINAL**

# In the United States Court of Federal Claims

Consl. Nos. 15-1139C, 15-1140C
Filed: September 30, 2016

**FILED**
SEP 3 0 2016
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MICHAEL HADDAD, | \* |
| Plaintiff, *pro se*, | \* |
| v. | \* |
| THE UNITED STATES, | \* Patent Infringement, 28 U.S.C. §1498(a); |
| | \* Rule 12(b)(1) of the Rules of the United |
| Defendant, | \* States Court of Federal Claims Subject |
| | \* Matter Jurisdiction; |
| and | \* Standing. |
| BAE SYSTEMS INFORMATION SOLUTIONS, INC., TRANS DIGITAL TECHNOLOGIES LLC and MORPHOTRUST USA, LLC, and NCR GOVERNMENT SYSTEMS, LLC, | \* |
| Third-Party Defendants. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER DISMISSING CASE**

On October 6, 2015, Mr. Haddad filed two *pro se* Complaints in the United States Court of Federal Claims for infringement of United States Patent No. 7,639,844 ("the '844 Patent"), pursuant to 28 U.S.C. §1498(a). On April 27, 2016, the Government filed a Motion To Dismiss, pursuant to Rule 12(b)(1) of the United States Court of Federal Claims, arguing that Mr. Haddad did not have standing, as he had transferred all of his rights in the '844 Patent to Astornet Technologies, Inc. prior to filing the Complaints.

On July 14, 2016, the court issued a Memorandum Opinion and Order denying the Government's April 27, 2016 Motion To Dismiss, but ordering Mr. Haddad within forty-five days to show cause why these cases should not be dismissed. *See Haddad v. United States*, 127 Fed. Cl. 565 (2016). Therein, Mr. Haddad was ordered to provide documentation to establish that, at the time the October 6, 2015 Complaints were filed, he owned the '844 Patent or it reverted to him, either by agreement with Astornet Technologies, Inc., or otherwise under relevant state law.

7011 0470 0002 5084 3518

On August 23, 2016, Mr. Haddad filed a Brief In Support Of The Court Decision Of July 14, 2016, however, he provided the attached February 1, 2014 letter. ECF No. 38, Ex. I. According to Mr. Haddad, this letter was notarized on August 19, 2016. ECF No. 39 at 1. This document, however, does not establish that Mr. Haddad owned the '844 Patent on October 6, 2015. *See Diamond Coating Techs., LLC v. Hyundai Motor Am.* 823 F.3d 615, 621 (Fed. Cir. 2016) (*nunc pro tunc* assignments do not confer retroactive patent ownership). Likewise, Mr. Haddad's September 26, 2016 Reply fails to establish ownership of the '844 Patent.

Accordingly, the court has determined that the October 6, 2015 Complaint Nos. 15-1139C and 15-1140C must be dismissed, because Mr. Haddad has not established standing. *See* 28 U.S.C. § 1498(a); *see also Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1308 (Fed. Cir. 2003) ("[T]his court has determined that in order to assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent *at the inception of the lawsuit*.") (emphasis in original).

The Clerk of Court is hereby directed to dismiss the Complaint Nos. 15-1139C and 15-1140C.

**IT IS SO ORDERED.**

_____
**SUSAN G. BRADEN**
**Judge**

Exhibit I

February, 1, 2014

Astornet Technologies, Inc.
18945 Cross Country Lane
Gaithersburg, MD 20879

In order to effectively pursue '844 patent infringers BAE Systems, Inc., NCR Government Solutions, LLC and MorphoTrust USA, LLC., I, patent US 7,639,844 (" '844 ") Title Holder agrees to assign Astornet Technologies, Inc. ("Astornet") the exclusive rights in patent '844 to litigate the CAT/BPSS matter against above mentioned companies, in the United States Federal Court.

These exclusive rights are assigned to Astornet because Astornet was the party that was severely affected by the business loss as a result of patent '844 infringement since Astornet was the company to pursue the '844 patent business with the federal government.

### Termination
Upon Astornet failure in its legal pursuit in the Federal District Court in protection of patent '844 intellectual property, that is when the Federal District Court final decision is not in favor of Astornet, Astornet patent '844 assigned rights, as per this letter/agreement, shall be automatically terminated, effective upon the Federal Court decision date, with or without termination notice.

Furthermore, Patent '844 Title Holder may promptly terminate the assigned exclusive rights stipulated in this letter. This Agreement may be terminated by giving written notice of termination to Astornet, such termination being immediately effective upon the giving of such notice of termination.

### Terms
The term of this Agreement shall begin as of February 1, 2014 (the "Effective Date"). The term of this Agreement shall expire on February 1, 2019, unless terminated earlier pursuant to the terms of the Termination Section.

### Extensions
The term of this Agreement shall be extended for Five (5) additional periods of one (1) year if '844 Patent Title holder gives Astornet written notice of such extension at least 90 days prior to February 1, 2019.

### Effect of Termination
In the event of a termination pursuant to the termination clause above or upon expiration of this Agreement pursuant to the Terms and Extensions above, Astornet shall not have any obligation to Patent '844 Holder, for compensation or for damages of any kind, and vice versa, '844 Patent holder shall not have any obligation to Astornet, for compensation or for damages of any kind.

Thank you.

Michael Haddad
'844 Sole Patent holder.

TIMOTHY A. COOPER
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires April 9, 2017